

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Roy L. Hill
County Attorney
Runnels County
Ballinger, Texas

Overruled by O-2474

Dear Mr. Hill:

Opinion No. 0-2333
Re: Whether or not a county
may expend funds to sup-
ply textiles to the sew-
ing rooms provided by the
Works Projects Admin-
istration.

We have your letter of May 2, 1940, submit-
ting for a legal opinion the question above captioned.

An excerpt from the letter from the Deputy
State Administrator, which accompanies your request,
will explain more fully the nature of the inquiry. That
excerpt is as follows:

"As the Federal funds which may be ex-
pended for non-labor are limited by law to
$6.00 per man-month, and as the State aver-
age for all projects approximates this figure
the extent to which garments will be avail-
able for the destitute and the extent to
which employment may be given to women in
sewing rooms will depend upon the cooperation
of sponsors of sewing projects, since the
responsibility of supplying the additional
textiles will rest with them.

"Sponsors may purchase these textiles

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

locally or they may secure them through the
Procurement Division of the Treasury Depart-
ment by sending the funds to the State Dis-
bursing Office.  Details of proceedure for
purchase through the Procurement Division
will be sent to the District Managers by the
Division of Professional and Service Pro-
jects within the next few days."

Your inquiry is ruled by our Opinion No. O-1972,
which answered each of the following questions in the
negative:

"Question No. one
"Has the Commissioners' Court authority
to purchase or rent sewing machines for use
in the WPA sewing room project?

"Question No. two
"Has the Commissioners' Court authority
to purchase groceries or other supplies to be
used for demonstration purposes in connection
with the WPA housekeeping aid project?

"Question No. three
"Has the Commissioners' Court authority to furn-
ish typewriters and adding machines or to re-
pair and maintain such machines used in State
or Federal relief agencies?  Also in this con-
nection, does the Court have the authority to
furnish to such agencies office supplies, such
as paper, typewriter ribbons, desks, chairs,
etc?

"Question No. four
"Has the Commissioners Court authority
to employ clerical help for the Texas and
federal relief agencies nominated as secretaries,
stenographers, bookkeepers, etc.?

"Question No. five
"What authority, if any, has the Commission-
ers' Court to participate with county funds in
the construction of a building to house Federal

and State relief agencies?

"Question No. six
"A local charitable organization operat-
ing under the name of Mothers' Health Center
has for its purpose education and the dis-
semination of contraceptive methods and sup-
plies to the indigent mothers of this locality.
Has the Commissioners' Court authority to par-
ticipate with County funds in the carrying on
of the work of this organization?"

While that opinion does not decide the ex-
press question you propound, yet those actually decided
necessarily decide the present inquiry in principle.

The opinion was based upon a construction
of Article 2372e, Vernon's Civil Annotated Statutes,
in the light of the well-recognized rule that the
County Commissioners' Court possessed only such powers
as are conferred upon it by law. The Article immedia-
tely above referred to confers certain specific
powers with respect to projects, such as that being
considered, but it does not include the item or pur-
pose embraced in your inquiry and, therefore, by a
familiar rule of construction the power may not be en-
larged by implication.

Your question, therefore, should be answered
in the negative in line with your statement that you
had so advised the County Judge yourself.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          /s/
            Ocie Speer
OS-MR       Assistant

APPROVED MAY 10, 1940
                        Approved
/s/ Gerald C. Mann      Opinion Committee
ATTORNEY GENERAL OF TEXAS   By B.W.B., Chairman